MAMMIE PLATNER v. FRANK RYAN, EXECUTOR, &c.

Submitted March 20, 1908—Decided June 8, 1908.

1. Questions put by cross-examining counsel which call for answers tending to show that the witness has a pecuniary interest in the result of the suit are competent.
2. A defendant is entitled to put in evidence a deposition of the plaintiff taken in an earlier stage of the cause upon a collateral issue, when it contains a material and relevant admission favorable to the defendant's case.

3. The beneficial owner of a claim against the estate of a decedent cannot avoid the disqualification of the fourth section of the Evidence act, and render himself a competent witness against the executor in a suit for the recovery thereof, by assigning his claim to a third party without consideration, and upon the understanding that the recovery shall be for his (the assignor's) sole benefit.

On error to the Hudson Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and MINTURN.

For the plaintiff in error, *James A. Gordon.*

For the defendant in error, *Weller & Lichtenstein.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This suit was brought to recover for personal services rendered by one Mary Smith to Jeremiah O'Connell, the defendant's testator, and to testator's wife during his lifetime. The plaintiff is the daughter of Mrs. Smith, and bases her right to recover for such services upon an assignment of her mother's claim made by the latter to her. She had a verdict and judgment, and the defendant brings error.

In the presentation of the plaintiff's case to the jury the mother was called as a witness to prove the character of the services rendered by her. Upon her cross-examination a series of questions were put to her, calling for answers tending to show that the assignment to her daughter was made without consideration; that it was a mere cover, and that any moneys which should be recovered by the suit would go to her and not to the plaintiff. The purpose of these questions, as stated by counsel when they were put, was to show the interest of the witness, in order to discredit her testimony. On objection made to their admission by counsel for plaintiff they were overruled, and exception allowed to the defendant. Error is now assigned upon this judicial action. The exclusion of this line of testimony was without

legal justification. Mrs. Smith was the plaintiff's principal witness. The amount of the recovery, if the plaintiff succeeded in her suit, depended largely upon her testimony. The jury was, of course, entitled to know whether or not she was an impartial witness, and by the express provision of our Evidence act the interest of a witness in the event of a suit, either as a party or otherwise, can be shown for the purpose of affecting his or her .credit. *Pamph. L.* 1900, *p.* 362, § 3.

The next assignment of error is directed at the exclusion of a deposition of the plaintiff which was offered in evidence on behalf of the defendant. This deposition was taken before a Supreme Court Commissioner in support of an application made by the plaintiff to open a judgment of *non pros.,* which had been entered against her at an earlier stage of the litigation for failure to prosecute her suit, and contained an admission by her that she had never paid her mother anything for the assignment of the claim, and had no interest in it at the time when the deposition was taken, except that she had been told by her mother's attorney to bring the suit in her own name. The deposition of a party to a suit, even though taken in another litigation, being a declaration made by him, is admissible against him, when material, like any other admission. 1 *Greenl. Evid.,* § 552, and cases cited. The admission of the plaintiff that the assignment was without consideration, and that she had no interest in the subject-matter of the litigation, was clearly material. It was, if true, convincing evidence that the assignment was made, not in good faith, but solely for the purpose of qualifying the assignor as a witness. It passed nothing to her except the bare legal title to the claim, and she was entitled to recover nothing by virtue of it, from the defendant, for her own benefit. To permit the beneficial owner of a claim against the estate of a decedent, to avoid the provision of the fourth section of the Evidence act (*Pamph. L.* 1900, *p.* 63), that a party to an action on such a claim shall not be permitted to give testimony as to any transaction with, or statement by, the deceased, by any such

scheme as that disclosed by the plaintiff's admission, would be to connive at a fraud upon the statute. When such a condition is shown to exist at the trial, the court should stay further proceedings until the declaration is amended by the insertion of an averment that the suit is brought by the assignee for the use and benefit of the assignor, and the assignor is thereby made a "party to the action," within the meaning of the provision of the Evidence act just cited, and so disqualified as a witness to the extent indicated by that provision. We conclude that it was error to exclude the deposition of the plaintiff.

This conclusion is not at all in disregard of the decision of the Court of Errors and Appeals in *Cullen* v. *Woolverton,* 36 *Vroom* 279. In that case it was held that the assignor of a claim against the estate of a deceased person was a competent witness, for the assignee, in an action brought by the latter against the administrator of the decedent. But this view resulted from the fact that the consideration of the assignment was equal to the amount of the claim, and the further fact that the assignor (according to his own testimony at the trial) had no interest whatever in the recovery. The case has no application where the beneficial interest in the claim remains in the assignor.

The judgment under review will be reversed.